FILED
U.S. DISTRICT COURT

2010 SEP -7 PM 1:35

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DERRIS BRADFORD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-067 |
| | ) | |
| DR. AJIBADE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") located in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP"). The matter is presently before the Court on Plaintiff's "Motion for Protective Order."[1] (Doc. no. 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**.

### I. BACKGROUND

The complaint in this case alleges that Defendants violated Plaintiff's constitutional

---

[1] Although Plaintiff's motion is captioned as a protective order, he is actually seeking an order from the Court directing Defendants to, among other things, transfer him to a different prison facility with a 24-hour medical staff. It is well-settled that courts should look beyond the title of a document filed by a *pro se* litigant in order to properly analyze its substance. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). As such, the Court interprets Plaintiff's motion as requesting injunctive relief, rather than seeking a protective order pursuant to Fed. R. Civ. P. 26(c).

rights by denying him requested medical treatment, including, *inter alia*, refusing Plaintiff access to a wheelchair, a hospital bed, and pain medication. (Doc. no. 1, p. 7.) The Court has granted Plaintiff permission to proceed IFP (doc. no. 3), and has issued an Order requiring Plaintiff to pay an initial fee (doc. no. 7) based upon information from Plaintiff's Prisoner Trust Fund Account. (Doc. nos. 4, 5.) Plaintiff has 30 days from August 19, 2010 to pay the initial fee, and therefore the Court has not yet reached the point in Plaintiff's case where his claims can be screened.

## II. DISCUSSION

In Plaintiff's motion for injunctive relief, he presents a laundry list of demands that are identical to the relief that he is seeking in his complaint. Plaintiff "would like" to be transferred to a facility with a 24-hour medical staff, as well as access to a wheelchair, an adjustable hospital bed, and pain medication. (Doc. nos. 1, 6.)

As discussed below, Plaintiff is not entitled to the injunctive relief he seeks. Parties moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720

2

F.2d. 1511, 1519 (11th Cir. 1988)).

In the instant motion, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claims, that the threatened injury outweighs whatever damage the proposed injunction may cause Defendants, or that the injunctive relief would not be adverse to the public interest.

First, Plaintiff does not demonstrate a substantial likelihood of success on the merits. Indeed, this case has not yet made it to the screening stage, and Plaintiff does not cite any viable legal or statutory justification for his current requests. Instead, as noted above, Plaintiff simply restates, in list format, the exact relief that he seeks in his complaint without any other supporting information of any kind. (Doc. nos. 1, 6.) Nevertheless, in examining the instant motion in conjunction with the complaint, the fact that each of Plaintiff's claims for injunctive relief involves a lack of access to allegedly necessary medical services (doc. no. 6, pp. 1, 2) makes it clear that these claims are related to alleged claims of deliberate indifference.

Although it is true that "[t]he Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs," Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999), to support a claim for deliberate indifference to a serious medical need, Plaintiff must meet a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state

the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39. As previously stated, Plaintiff has utterly failed to provide any information in the motion at hand regarding any medical conditions that he may have or the seriousness of those conditions,[2] let alone the relationship of the requested injunctive relief to those conditions.

Furthermore, the fact that Plaintiff has not been given access to the specific medical devices and medications that he "would like" to have (doc. no. 6) does not entitle him to injunctive relief. Indeed, it should be recognized that the mere fact that a prisoner "may have desired [a] different mode[] of treatment" does not give rise to a claim for deliberate indifference. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." Id. (citation omitted). Put another way, a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment will not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the

---

[2]Although Plaintiff's complaint states that Plaintiff allegedly suffers from a chronic disease which causes his legs to swell, become infected and develop blood clots, (doc. no. 1, p. 7) Plaintiff has failed to provide any supporting documentation regarding this alleged disease in either his complaint or the instant motion.

4

irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

Here, Plaintiff has provided no medically substantiated or documented information regarding the potential consequences of the failure to transfer him to another facility with a 24-hour medical staff or to provide him with his requested items including a wheelchair and hospital bed. In addition, Plaintiff has made no allegations of a total absence of medical care, but has only alleged the absence of the type of medical care that he desires. As such, Plaintiff has failed to demonstrate that, if the motion is not granted, there is a substantial threat of imminent, irreparable injury.

Therefore, because Plaintiff cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief, his motion for injunctive relief should be **DENIED**.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief (doc. no. 6) be **DENIED**.

SO REPORTED and RECOMMENDED this 7th day of September, 2010, at Augusta, Georgia.

W. LEON BARFIELD

UNITED STATES MAGISTRATE JUDGE